Kirk sued out a writ against Hunter, the plaintiff, returnable to August Term, 1824, of Mecklenburg County Court. The sheriff returned this writ "Executed," and a judgment by default was taken. At the next term thereafter a writ of inquiry was executed, and the jury assessed plaintiff's damages at $81 and costs. An execution was issued thereon, and was returned satisfied. *Page 122 
On 30 March, 1826, Hunter sued out a writ of certiorari to Mecklenburg Superior Court, and when the cause came on to be heard before Daniel, J., the affidavit of Hunter was read, stating that the writ (278) never was served on him, and, further, that he believed he had a good defense, but could not avail himself of it before, because he was ignorant that there was any suit pending against him. The affidavit of the sheriff was also read, stating that to the best of his knowledge the writ was served, and that he never had returned any writ as executed by himself which he had not actually served.
Judge Daniel dismissed the certiorari and ordered a procedendo to the court below, whereupon Hunter appealed.
Although the sheriff does not swear positively to the execution of the process, yet he states that he verily believes he did execute it. Indeed, he is a sworn officer, and his return cannot be contradicted by the defendant's affidavit.
But the defendant states that he believes he has a good defense to make on behalf of his intestate; that he did not make it because he was ignorant that any suit was pending against him. I think the ends of justice would be better answered by granting a new trial than by dismissing the certiorari.
PER CURIAM. New trial.
Cited: Lunceford v. McPherson, 48 N.C. 177; Mason v. Miles, 63 N.C. 565;Miller v. Powers, 117 N.C. 220; Burlingham v. Canady, 156 N.C. 179.
(279)